IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAUL KARSCHKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-2786 |
| | ) |
| MISTY GONZALES, NOMLET, INC. | ) |
| d/b/a TELMON, and ALAMON, INC., | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

Comes now the Plaintiff, Paul Karschkes, by and through counsel, and would respectfully submit to the Court the following Complaint:

1. The Plaintiff is a citizen of Illinois, residing at 109 S. Adams St., Westmont, IL 60559.

2. The Defendant Misty Gonzalez is a citizen of Pennsylvania and may be served with process at 1914 Meadville St., Pittsburgh, PA 15214.

3. The Defendant Nomlet, Inc., d/b/a Telmon ("Telmon"), is a for-profit corporation based in the State of Montana, with its principal office address at 625 Sunset Blvd., Kalispell, MT 59901. On the date of the incident which is the subject of this Complaint, Defendant Telmon was doing business in the State of Indiana and may be served with process pursuant to Fed. R. Civ. P. 4(h)(1)(A) via its registered agent for service of process in that State, Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204.

4. The Defendant Alamon, Inc. ("Alamon") is a for-profit corporation based in the State of Montana, with its principal office address at 315 West Idaho Street, Kalispell, MT 59901. On the date of the incident which is the subject of this Complaint, Defendant Alamon was doing business in the State of Indiana and may be served with process pursuant to Fed. R. Civ. P. 4(h)(1)(A) via its registered agent for service of process in that State, Cogency Global, Inc., 9221 Crawfordsville Rd., Indianapolis, IN 46234.

5. Jurisdiction is appropriate in this matter pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship of the parties and the amount in controversy is in excess of $75,000.00.

6. This Complaint concerns an automobile collision occurring at or near Mile Marker 123 on I-70 West in Henry County, Indiana.

7. The amount in controversy for both punitive and compensatory are fair, just, and equitable amounts to be decided by the trier of fact after hearing all of the evidence at trial.

8. On or about December 10, 2019, the Defendant Misty Gonzales was traveling on I-70 West near Mile Marker 123 in Henry County, Indiana and operated a motor vehicle in a negligent or reckless manner so as to crash into the rear of the vehicle containing the Plaintiff, causing a serious collision which resulted in severe personal injuries to the Plaintiff.

9. The Defendant Misty Gonzales had a duty to keep a proper lookout ahead, to drive at a reasonable and safe speed, to see all that came into her line of sight, and to drive reasonably and carefully. At all times herein material, she was guilty of the following

acts of common law negligence, which acts or omissions were the direct and proximate cause of the damages and injuries sustained by the Plaintiff:

    a)    Operating a vehicle at a speed too great for the circumstances then and there existing.

    b)    Failing to maintain a proper lookout ahead.

    c)    Carelessly operating a vehicle in a manner which caused it to strike the vehicle containing the Plaintiff.

    d)    Failing to take evasive action by applying the brakes or otherwise steering the vehicle in order to avoid a collision once that collision was imminent.

10.    In addition to the aforementioned acts of negligence, the Defendant Misty Gonzales was negligent per se in that she drove a vehicle with such a willful, reckless, and wanton disregard to the safety of the Plaintiff so as to constitute reckless driving in violation of Ind. Code § 9-21-8-52. Furthermore, the Defendant was negligent per se in violating the following statutory provisions:

    (a)    Ind. Code § 9-21-5-1, violated by driving on a highway at a speed that was greater than was reasonable and prudent under the conditions.

    (b)    Ind. Code § 9-21-8-14, violated by following too closely and failing to have due regard for the speed of both vehicles, the time interval between the vehicles, and the condition of the highway.

    (c)    Ind. Code Ann. § 9-21-8-59, violated by using a telecommunications device while operating a moving motor vehicle.

11.    At the time of the incident which is the subject of this Complaint, Defendant Misty Gonzales was employed by Defendant Telmon and/or Defendant Alamon.

12. At the time of the incident which is the subject of this Complaint, upon information and belief, Defendant Gonzales was acting in the course and scope of her employment with Defendant Telmon and/or Defendant Alamon, or she was acting as an agent on behalf of one or both of those entities.

13. At the time of the incident which is the subject of this Complaint, Defendant Gonzales was operating the vehicle she was driving for the benefit of Defendants Telmon and/or Alamon and with the authority, consent, and knowledge of those entities.

14. Because Defendant Gonzales was acting in the course and scope of her employment and/or as an agent on behalf of Defendants Telmon and/or Alamon, those entities are vicariously liable for the negligence or recklessness of Defendant Gonzales pursuant to the legal doctrine of *respondeat superior* and the principles of agency.

15. Upon information and belief, Defendants Telmon and Alamon were independently negligent in that they knew or should have known that the decision to allow Defendant Gonzales to operate a vehicle in the course of her employment with those entities, or on their behalf, created a foreseeable danger of harm to third parties in the position of the Plaintiff. Said negligence was a substantial and proximate cause of the injuries and damages suffered by the Plaintiff.

16. Defendants Telmon and Alamon were independently negligent in that they knew or should have known that the decision to hire and retain Defendant Gonzales and to allow her to operate a vehicle on their behalf, or in the course of her employment with those entities, posed a foreseeable danger of harm to other drivers on the road, including the Plaintiff. The Defendants' negligence in this regard was a direct and proximate cause of the injuries and the damages which are the subject of this Complaint.

17. Defendants Telmon and Alamon also were independently negligent in the following ways:

(a) negligently hiring Defendant Gonzales;

(b) negligently failing to adequately train Defendant Gonzales regarding the safe operation of a motor vehicle;

(c) negligently retaining Defendant Gonzales to drive a motor vehicle;

(d) negligently supervising Defendant Gonzales in driving a motor vehicle;

(e) negligently training and supervising Defendant Gonzales with regard to the dangers of fatigued driving and the use of telecommunications devices while driving a motor vehicle; and

(f) in general, failing to use due care with regard to Defendant Gonzales with respect to her employment, training, supervision, retention, and employment with the Defendants Telmon and Alamon.

18. Since this collision, the Plaintiff has received examination, evaluation, treatment, and therapy for injuries caused by the Defendants. Such injuries have greatly hindered the enjoyment of life of the Plaintiff.

19. As a direct and proximate result of one or more acts of negligence or recklessness of the Defendants, the Plaintiff suffered and continues to suffer injuries and damages as follows: past and future pain and suffering, past and future medical expenses, past and future loss of income and earning capacity, permanent impairment, permanent disfigurement, past and future emotional distress, past and future lost enjoyment of life, and the loss of enjoyment of certain employment, social and recreational activities.

20. Upon information and belief, Defendant Gonzales was using a cell phone or other telecommunications device at the time she caused the collision which is the subject of this action. This conduct on the part of Defendant Gonzales in bringing about the Plaintiff's injury constituted recklessness, willful misconduct, and conscious indifference to the foreseeable danger she posed to members of the public including the Plaintiff. Consequently, punitive damages are appropriate.

21. As a result of the injuries suffered and damages incurred by the Plaintiff, the Defendants are liable to the Plaintiff for the aforementioned losses.

**PREMISES CONSIDERED, THE PLAINTIFF PRAYS:**

1. That process issue and the Defendants be required to respond under the Federal Rules of Civil Procedure.

2. That the Plaintiff be awarded a sum to be proven at the time of trial for damages caused by the Defendants.

3. That the cost of this action be taxed to the Defendants.

4. For such other, further and general relief which may be deemed by this Honorable Court to be appropriate.

/s/ *Shannon B. Mize*
Shannon B. Mize, No. 22902-49A
Jason A. Shartzer, Esq. #23989-49
**SHARTZER LAW FIRM,** LLC
156 E. Market Street
10th Floor, Suite 1000
Indianapolis, Indiana 46204
(317) 969-7600
(317) 969-7650 Fax
jshartzer@shartzerlaw.com
smize@shartzerlaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2021, a copy of the foregoing Complaint was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

/s/ *Shannon B. Mize*
Shannon B. Mize, No. 22902-49A
Jason A. Shartzer, Esq. #23989-49
**SHARTZER LAW FIRM, LLC**
156 E. Market Street
10th Floor, Suite 1000
Indianapolis, Indiana 46204
(317) 969-7600
(317) 969-7650 Fax
jshartzer@shartzerlaw.com
smize@shartzerlaw.com
*Counsel for Plaintiff*